FILED

MAR 2 4 2016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 7:16-CV-76 |
| | § | |
| REAL PROPERTY LOCATED AT | § | |
| 3700 S COUNTY ROAD 1178, MIDLAND, | § | |
| MIDLAND COUNTY, TEXAS and | § | |
| | § | |
| REAL PROPERTY LOCATED AT | § | |
| 4501 19th STREET, UNIT 1, LUBBOCK, | § | |
| LUBBOCK COUNTY, TEXAS, | § | |
| **Defendants.** | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by and through the U.S. Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.       NATURE OF THE ACTION

1.       This action is brought by the United States seeking forfeiture to the United States of the following property:

   a) Real Property Located at **3700 S County Road 1178, Midland, Midland County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

   All that tract or parcel of land lying and being in A 2.3 acre tract of land out of the NW/4 of Section 13, Block 39, T-2-S, T&P RR Co. Survey, Midland County, Texas and being described more fully by metes and bounds as follows:

   BEGINNING at a 1/2" reinf. bar set for the northwest corner of this tract from which the northwest corner of the above said Section 13 bears S. 74° 18' W. 465.6 feet and N. 15° 16' W. 930 feet;

THENCE N. 74° 18' E. 500 feet to a 1/2" reinf. bar set in the west right of way line of a 60 foot roadway for the northeast corner of this tract;

THENCE S. 15° 16' E. 200 feet along said west right of way line of roadway to a 1/2" reinf. bar set for the southeast corner of this tract;

THENCE S. 74° 18' W. 500 feet to a 1/2" reinf. bar set for the southwest corner of this tract;

THENCE N. 15° 16' W. 200 feet to the PLACE OF BEGINNING; and

b) Real Property Located at **4501 19th Street, Unit 1, Lubbock, Lubbock County, Texas** including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

All that tract or parcel of land lying and being in Lot One (1), Castellina, An Addition to the City of Lubbock, Lubbock County, Texas, a Replat of Lots 6 and 7, Block 1, Cain Terrace, An Addition to the City of Lubbock, Lubbock County, Texas, according to the Map, Plat, and/or Dedication Deed thereof, recorded in Volume 10420, Page 212 Official Public Records, Lubbock County, Texas; Corrected under County Clerk File No. 2006039390 Official Public Records, Lubbock County, Texas;

**(hereinafter collectively referred to as "Defendant Properties").**

## II.    STATUTORY BASIS FOR FORFEITURE

2.      This is a civil forfeiture action *in rem* brought against the Defendant Properties for violations of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from specified unlawful activity) and subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), which state:

**§ 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.
…

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

### III.   JURISDICTION AND VENUE

3.       Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture.  This Court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. §§ 1355(b) and 1395.

4.       Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District.  *See also* 28 U.S.C. § 1395(b).

### IV.   FACTS IN SUPPORT OF FORFEITURE

A.    **Background Information.**

5.       Rogers General Construction (**RGC**) is owned by Gary Rogers (**Rogers**) and is a sole proprietorship.  Rogers hired Kimberley Dale Boyce (**Boyce**) in 2006 as the bookkeeper for RGC.  As the bookkeeper, Boyce was responsible for all of RGC's accounting work, including payroll processing, bank deposits, paying vendors, and recording revenue received from customers.  Boyce was the only RGC employee with any accounting knowledge and with full access to RGC's accounting system.  Rogers did not have access to the accounting software.

B.    **Boyce's Creation of Two Fraudulent Bank Accounts.**

6.       Sometime between 2008 and 2011, Boyce and Rogers began a romantic relationship.  Boyce primarily worked her bookkeeping duties from her home by accessing an RGC computer remotely, over the internet, to perform her bookkeeping duties.  When Boyce

remotely accessed the computer, she often requested that someone in the RGC offices place a cover over the computer monitor so that no one could see what she was doing.

7.      On or about February 11, 2012, Boyce opened two fraudulent accounts at Wells Fargo Bank under the business name Gary D. Rogers, a Savings Account No. 5995389797 (**"Savings #9797"**) and Checking Account No. 5995389532 (**"Checking #9532"**).  The accounts were opened without Rogers' knowledge.  Boyce opened these bank accounts using a Power of Attorney (POA) form that Rogers had previously given Boyce and a Midland County Assumed Name Records Certificate of Ownership Form for Rogers Construction (DBA Form).

8.      On the account application, Boyce listed her personal cell phone number as the business' telephone number and her personal residence as the business' address.  Boyce directed Wells Fargo Bank to mail the bank statements for Savings #9797 and Checking #9532 to her personal post office box (P.O. Box 4322, Midland, Texas 79704) and not to RGC's actual post office box (P.O. Box 2004, Midland, Texas 79702).  On the account application, Boyce indicated that she was the sole proprietor of the business, and she designated herself as the only authorized signer for the Savings #9797 and Checking #9532 accounts.

9.      Between February 2012 and March 2013, Boyce deposited RGC customer checks and personal checks written to Gary Rogers, Rogers Construction, and/or Rogers General Construction, totaling $2,512,049.22, into Savings #9797.  Additionally, on or about March 4, 2013, Boyce wrote a $200,000.00 check from RGC's Security Bank Account No. xxx0468 (**"RGC #0468"**) and deposited it into Savings #9797.  In total, $2,712,369.30 in checks were deposited into Savings #9797 as follows:

| Date | Amount | Date | Amount |
|------|--------|------|--------|
| 02/13/2012 | $ 324,797.25 | 03/19/2013 | 381,739.00 |
| 01/10/2013 | 10,220.00 | 03/26/2013 | 41,563.50 |
| 02/01/2013 | 9,730.00 | 03/26/2013 | 648.75 |
| 02/01/2013 | 6,972.10 | 04/08/2013 | 28,653.89 |
| 02/01/2013 | 2,335.00 | 04/08/2013 | 24,343.48 |
| 02/01/2013 | 1,210.00 | 04/22/2013 | 19,406.93 |
| 02/06/2013 | 13,920.00 | 04/22/2013 | 10,950.00 |
| 02/06/2013 | 9,182.00 | 05/07/2013 | 121,977.75 |
| 02/19/2013 | 80,405.10 | 08/01/2013 | 33,265.38 |
| 02/19/2013 | 10,304.67 | 08/08/2013 | 50,857.04 |
| 02/19/2013 | 4,910.00 | 08/30/2013 | 100,000.00 |
| 02/20/2013 | 7,381.00 | 09/09/2013 | 12,716.00 |
| 02/20/2013 | 2,491.58 | 09/16/2013 | 268,046.37 |
| 03/04/2013 | 200,000.00 | 11/06/2013 | 624,801.78 |
| 03/04/2013 | 18,313.00 | 01/13/2014 | 44,800.00 |
| 03/04/2013 | 14,761.00 | 01/13/2014 | 27,711.45 |
| 03/05/2013 | 39,196.82 | 02/10/2014 | 164,758.46 |
| | | | **$2,712,369.30** |

10.     Between August 2012 through February 2014, Boyce took the embezzled RGC funds and electronically transferred them from Savings #9797 and Checking #9532 into the following bank accounts:

a) Boyce's personal savings account at Wells Fargo Bank Account #503565505 (**Kimberley's 5505**),

b) Boyce's personal checking account at Wells Fargo Bank Account #1689220083 (**Account 0083**),

c) Boyce's minor child's savings account at Wells Fargo Bank Account #9193661155 (**Child's 1155**),

d) Boyce's minor child's savings account at Wells Fargo Bank Account #6018162906 (**Child's 2906**), and

e) RGC Account #0468.

11.     Boyce's electronic transfers out of Savings #9797 and Checking #9532 are shown in the table below.

| Date | From | Amount | Into | |
|---|---|---|---|---|
| 08/10/12 | Savings #9797 | 150,000.00 | Account 0083 | |
| 02/15/13 | Savings #9797 | 150,000.00 | Kimberley's 5505 | |
| 02/15/13 | Savings #9797 | 25,000.00 | Child's 1155 | |
| 02/15/13 | Savings #9797 | 25,000.00 | Child's 2906 | |
| 03/11/13 | Savings #9797 | 200,000.00 | Checking #9532 | Paid $200,000 check to RGC Account #0468 |
| 04/09/13 | Savings #9797 | 200,100.00 | Checking #9532 | Paid $200,000 check to RGC Account #0468 |
| 05/28/13 | Savings #9797 | 200,000.00 | Child's 1155 | |
| 05/28/13 | Savings #9797 | 200,000.00 | Child's 2906 | |
| 08/08/13 | Savings #9797 | 250,000.00 | Account 0083 | |
| 09/09/13 | Savings #9797 | 150,000.00 | Kimberley's 5505 | |
| 10/02/13 | Savings #9797 | 295,000.00 | Kimberley's 5505 | |
| 11/08/13 | Savings #9797 | 200,000.00 | Kimberley's 5505 | |
| 11/08/13 | Savings #9797 | 200,000.00 | Child's 1155 | |
| 11/08/13 | Savings #9797 | 200,000.00 | Child's 2906 | |
| 01/23/14 | Savings #9797 | 95,000.00 | Kimberley's 5505 | |
| 02/26/14 | Savings #9797 | 150,000.00 | Kimberley's 5505 | |
| | | **$2,690,100.00** | | |

12.     Boyce hid the existence of Savings #9797 and Checking #9532 from Rogers, RGC, and RGC's other employees.  Although Boyce initially recorded Savings #9797 and Checking #9532 in RGC's accounting records, Boyce mislabeled the transfer of funds out of Savings #9797 as owner draws in RGC's accounting records.  Furthermore, in November 2013, Boyce changed the status of Savings #9797 and Checking #9532 to "inactive" in RGC's accounting system which precluded Boyce from making any additional accounting entries related to these bank accounts.

13.     Soon after Boyce and Rogers ended their romantic relationship, Boyce resigned from her position as RGC's bookkeeper in February 2014.  Boyce then contacted RGC's major customer, Apache Corporation (Apache), and accused Rogers of paying kickbacks to an Apache

employee in return for obtaining contracts. As a result, Apache conducted a vendor audit of RGC in May 2014. It was during the course of this vendor audit that Rogers became aware of Savings #9797 and Checking #9532 for the first time. Upon learning of these fraudulent accounts, Rogers went to the nearest Wells Fargo Bank branch in Midland to request account information for these accounts. By the time Rogers gained control of Savings #9797 and Checking #9532, only $23,184.77 remained in the bank accounts.

## C.    The Underlying Investigation.

14.    Rogers filed a complaint with the Federal Bureau of Investigation (FBI) regarding Boyce's actions in Summer 2014, shortly after discovering the fraud. The FBI referred the complaint to the Internal Revenue Service, Criminal Investigations (IRS) in Summer 2015. The IRS conducted an investigation and financial analysis of RGC's accounts, Boyce's bank accounts, and Bank of America credit card account.

15.    During the investigation, several persons were interviewed, including Boyce. Boyce told investigators that she opened Savings #9797 and Checking #9532 without Rogers present because it was hard to get Rogers to go to the bank. Yet Rogers opened eight bank accounts at Security Bank and Citizens State Bank and signed the signature card for each bank account during the time period of June 2007 and March 2014.

16.    Boyce also stated that she had signed the signature card on Savings #9797 and Checking #9532 as POA Kimberley Boyce, but that was not demonstrated by the bank records. The signature cards were signed as Kim Boyce. The signature cards on the fraudulent accounts listed Boyce as the sole proprietor of RGC and listed Boyce as the only authorized signatory.

17.    As shown in Paragraph 9, above, Boyce embezzled a total of $2,712,369.30 during her wire fraud scheme. However, Boyce returned some of the embezzled funds by

making deposits into RGC's bank account or making payments on behalf of RGC as indicated below:

| Date | Amount | Payee | Source |
|---|---|---|---|
| 08/10/12 | $150,000.00 | Rogers, Citizens State Bank | Account 0083 |
| 03/11/13 | $200,000.00 | RGC Account #0468 | Checking #9532 |
| 04/09/13 | $200,000.00 | RGC Account #0468 | Checking #9532 |
| 05/01/14 | $100,000.00 | IRS | Kimberley's 5505 |
| 05/01/14 | $170.00 | IRS | Kimberley's 5505 |
| 05/19/14 | $23,184.77 | Balance in Savings #9797 and Checking #9532 when Rogers took possession | |
| | **$673,354.77** | | |

18.     Of the remaining $2,039,014.53 in wire fraud proceeds, Boyce used some of that money in transactions over $10,000 for the purchase of real property, as demonstrated below.

**D.     The Purchase of 3700 S County Road 1178, Midland, Texas 79706.**

19.     According to IRS direct tracing, account analysis, and bank records, Boyce transferred a total of $890,000 from Checking #9797 to Kimberley's 5505 between September 2013 and February 2014.  On or about August 27, 2014, Boyce used some of the wire fraud proceeds to write a $350,000 check to Jay Marburger (Marburger) in Midland, Texas.

20.     Marburger told investigators that Boyce loaned him $350,000 to finance the purchase of his residence located at 3700 S. County Road 1178, Midland, Texas 79706 in September 2014.  Marburger further stated that Boyce explained that she was selling a house in Lubbock and needed to do something with the money that she would receive from the sale; so she offered to let Marburger borrow $350,000.

21.     Marburger claimed the $350,000 loan was not evidenced by any formal documentation and instead was a verbal agreement in which Marburger would repay Boyce within seven years at 3% interest.  Real estate records indicate that Marburger purchased real

estate at 3700 S. County Road 1178, Midland, Texas 79706 on or about September 4, 2014. There are no recorded liens or Deed of Trust on this property.

      22.     Marburger had not made a payment to Boyce as of January 21, 2016.

**E.**     **The Purchase of 4501 19th Street, Unit 1, Lubbock, TX 79704.**

      23.     According to the IRS direct tracing, account analysis, and banking records, Boyce transferred a total of $150,000 from Checking #9797 to Kimberley's 5505 on or about February 15, 2013.

      24.     On or about June 21, 2013, Boyce used these wire fraud proceeds to purchase a town house at 4501 19th Street, Unit 1, Lubbock, Texas. The Form HUD-1 Settlement Statement indicated that Boyce purchased the town home on June 21, 2013. Boyce paid for the real estate purchase with a $255,150.72 cashier's check that was funded from Kimberley's 5505 account on June 19, 2013. The real estate was deeded to Boyce by way of a General Warranty Deed dated and signed June 21, 2013.

## V.  PRAYER

      25.     Based on the foregoing facts and circumstances, the United States submits that a reasonable belief exists to believe that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as the Defendant Properties were involved in, constitute, or are derived from proceeds traceable to the knowing violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1957.

     WHEREFORE, PREMISES CONSIDERED, Plaintiff United States of America prays that due process issue to enforce the forfeiture of the Defendant Properties, that due notice, pursuant to Supplemental Rule G(4), be given to all interested parties to appear and show cause

why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Defendant Properties be forfeited to the United States of America, that the Defendant Properties be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

By: _____
DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

</div>

---

[1] Appendix A, Notice of Complaint for Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Defendant Properties.

## VERIFICATION

I, JONATHAN GEBHART, declare as follows:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation.  I am assigned to the Austin Resident Office and am the investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof.  The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources, and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on the ___24th___ day of March, 2016.

Jonathan Gebhart, Special Agent
IRS, Criminal Investigation
Austin Resident Office